UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBRA RHODES, GLORIA MOUNGER,
THOMAS WILLIAMS, LAURA DENNIS,
VIVIAN WORDLAW, and for all similarly     Case No.: 17-cv-14186
situated voters of the Thirteenth Congressional     Judge: Hon. Mark Goldsmith
District in the State of Michigan,
        *Plaintiffs,*
v.

RICHARD D. SNYDER, in his official capacity as
Governor of the State of Michigan,
        *Defendant*.
_____

Michael A. Gilmore, Esq.
1706200054 (MD)
**Law Office of Michael Gilmore**
P.O. Box 211156 [in re:special election]
Detroit, MI 48221
Gilmore.Esq@gmail.com
(313) 231-3329
*Attorney for the Plaintiffs*

Denise C. Barton (P41535)
Heather S. Meingast (P55439)
Assistant Attorneys General
*Attorneys for Defendant*
P.O. Box 30736 Lansing, MI 48909
(517) 373-6434
_____

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**
_____

      While Defendant's portrayal of the facts seem graciously histrorical, they are in fact wrong. John Conyers, Jr. had been a Member of Congress for over fifty years but had not held the 13th Congresssional District seat prior to the 113th Congress, which began on

January 3, 2013. Immediately prior to that, Hansen Clark held the 13th Congressional District seat while John Conyers held the 14th Congressional District seat. Beginning in the 114th Congress, Gary Peters held the 14th Congressional District seat and, in an unlikely district swap, John Conyers was, for the first time, elected to the 13th Congressional District seat. [1] In fact, 3 different Members of Congress have occupied the 13th Congressional district seat in the last 10 years alone: John Conyers, Jr., Hansen Clark, and Carolyn Cheeks Kilpatrick.[2] The people of the 13th Congressional District do not need nearly a year to educate themselves on who will fill, what Defendant hopes will be at maximum, a two month term. The arguement, legal or otherwise, is a slap in the face to the citizens of the district, who are accustomed to change and turn over in this U.S. House seat.

Defendant's assertion that Plaintiffs' claims are barred by laches do not hold merit. In failing to mention the denial of laches in a case that Defendant has otherwise relied upon so heavily, Plaintiffs are pleased to continue assessing Defendant's attempt to distract from the issues by next addressing the laches arguement. The Court in American Civil Liberties Union v. Taft, 385 F. 3d 641 (6th Cir. 2004) decided that a denial of special election claim is not barred by laches where the Plaintiffs filed suit 11 days after its Governor's announcement. Here, the present case was filed 19 days after Defendant's announcement. Certainly 8 days cannot be the precipious upon which laches lays. Moreover, "[l]aches does not simply concern itself with the passage of time, but rather focuses on the question of whether a delay renders it inequitable to permit the claims to be enforced." McClafferty v. Portage Count Bd. Of Elections, 661 F. Supp. 2d 826 (N.D. Ohio 2009) Citing *Ford Motor Co. v. Catalanotte,* 342 F.3d 543, 550 (6th Cir.2003). "Each day that passed may have made

---

1  http://www.mlive.com/politics/index.ssf/2011/08/us_rep_hansen_clarke_to_run_in.html
2  https://ballotpedia.org/Michigan%27s_13th_Congressional_District

it more difficult to hold a special election; however, there is no evidence in the record indicating specifically how this short delay prejudiced [Defendant]. Likewise, there is no evidence that [Defendant] had expended money or made alternate preparations during the delay."id 647. Similarly, Defendant's illusary attempt to assert that Plaintiffs motion for preliminary injunction was "prompted only by Defendants' motion to dismiss" is unfounded, as both this Court's and the correcpondence between counsel for the parties show that Plaintiffs sought concurrence prior to Defendant's filing. (Doc. 8. Motion, Pg ID 73; Doc. 11, Response, Pg ID 122). Plaintiffs' claims are not barred by laches.

Plaintiffs arguement-in-chief is that Defendant has denied Plaintiffs equal protection of the laws. In this case, the law under which Plaintiffs assert denial of equal protection is Article 1, Section 2, Clause 4 of the U.S. Constitution, which specifically pertains to special elections for the office of United States House of Representatives. However, Defendant has cited an extensive list of vacancies in either chamber of the state legislature as its rational for equal treatment. The filling of these vacancies are simply irrelevant to Article 1, Section 2, Clause 4 of the U.S. Constitution and Defendant's denial of equal protection under the laws. (Doc. 11. Response, Pg ID 127).

Moreover, Defendant's assertion that the Governor's application of the law does not "disproportionally effect minority voters" is patently false. (Doc. 11. Response, Pg ID 125). In the 2012 11th Congressional District special election, a "special primary election could not be held on the regular primary date, August 7, 2012, which was less than 30 days away because primary ballots had already been printed and made available for absentee voters, including for distribution to military and overseas voters. (Ex. 7, McCotter 7/10/12 Press Release)." (Doc. 11. Response, Pg ID 126). Instead of holding the seat vacant, as he did in

3

the 13th Congressional District, until the next regularly-scheduled election in 2014, under Mich. Comp. Laws 168.633, Defendant held and exclusive special election to fill the seat vacated by Thaddeus McCotter. Plaintiff's simply asked from an expedious special election, just as was instituted to replace Thaddeus McCotter within weeks.

     Defendant's premise that Plaintiffs are presenting a "constitutional challenge to an election regulation" is incorrect. (Doc. 11. Response, Pg ID 124). Plaintiffs are asserting that Defendant's discriminatory application of a non-discriminatory law is unconstitutional and are not confined to the analysis under the various levels of scrutiny that a challenge of the law itself would. See League of Women Voters of Ohio v. Brunner, 548 F.3d 463 (6th Cir. 2008) at 478, which held that "[t]he Court reasoned that the lack of statewide standards effectively denied voters the fundamental right to vote. Id. at 105, 121 S. Ct. 525. At a minimum, the Court held, equal protection requires "nonarbitrary treatment of voters." Citing Bush v. Gore, 531 U.S. 98 (2000). The Court went on in its case to find that where voting systems varied depending on locality, that the state "deprives its citizens of the right to vote or severely burdens the exercise of that right depending on where they live in violation of the Equal Protection Clause" absent assessments of scrutiny.

Plaintiffs respectfully request, for the reasons stated above and prior, that the court grant the requested preliminary injunction against the Governor's delay in the $13_{th}$ Congressional District special election.

Respectfully submitted,

/s/ Michael A. Gilmore
Michael A. Gilmore, Esq.
1706200054 (MD)
**Law Office of Michael Gilmore**
P.O. Box 211156 [in re:special election]
Detroit, MI 48221
Gilmore.Esq@gmail.com
(313) 231-3329
*Attorney for the Plaintiffs*
Dated: March 2, 2012

## CERTIFICATE OF SERVICE (E-FILE)

I hereby certify that on March 2, 2018, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.


/s/ Michael A. Gilmore
Michael A. Gilmore, Esq.
1706200054 (MD)
**Law Office of Michael Gilmore**
P.O. Box 211156 [in re:special election]
Detroit, MI 48221
Gilmore.Esq@gmail.com
(313) 231-3329
*Attorney for the Plaintiffs*
Dated: March 2, 2012